15-3496
*Wilson v. McKenna*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

<u>**SUMMARY ORDER**</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of October, two thousand sixteen.

PRESENT:   DENNY CHIN,
                     SUSAN L. CARNEY,
                                         *Circuit Judges*,
                     KATHERINE B. FORREST,
                                         *District Judge*.\*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

ALVIN WILSON,

                                         *Plaintiff-Appellant*,

                          v.                                                        15-3496

BROOKE MCKENNA,

                                         *Defendant-Appellee*,

JOHN DOE, LT; CORRIGAN-R-CC, HARTFORD
SUPERIOR COURT, STATE MARSHAL LOCKUP
DEPARTMENT, JOHN AVER, JANE DOE, HARTFORD

---

          \*     The Honorable Katherine B. Forrest, of the United States District Court for the Southern District of New York, sitting by designation.

HCC, DOCTOR, DOC MEDICAL STAFF, JOHN DOE,
HARTFORD HOSPITAL, an emergency room doctor, JOHN
WAYEN, JANE DOES, 3, CORRIGAN-R-CC DOC MEDICAL
HEALTH CARE STAFF, JOHN WILLIAMS, JOHN ERFE,
WARDEN, JOHN HANNEY, JOHN DOE,
CORRIGAN-R-CC, DOC, MEDICAL HEALTH CARE
STAFF, SHARRON LAPLANTE, JOHN DOE, WARDEN,
HARTFORD HCC, DOC, F. GILLIG, OMPRAKASH PILLAI,
MONICA J. FARINELLA, FORD, WARDEN, STATE OF
CONNECTICUT,

        *Defendants*.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

FOR PLAINTIFF-APPELLANT:    Alvin Wilson, *pro se*, Suffield,
               Connecticut.

FOR DEFENDANT-APPELLEE:    Zenobia Graham-Days, Assistant
               Attorney General, *for* George Jepsen,
               Attorney General of the State of
               Connecticut, Hartford, Connecticut.

    Appeal from a judgment of the United States District Court for the District

of Connecticut (Bryant, *J.*).

    **UPON DUE CONSIDERATION, IT IS HEREBY ORDERED,**

**ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

    Plaintiff-appellant Alvin Wilson, proceeding *pro se*, appeals from a

judgment in favor of defendant-appellee Corrections Officer Brooke McKenna in his

suit under 42 U.S.C. § 1983, alleging deliberate indifference to his medical needs.   The

district court granted summary judgment to McKenna, concluding, *inter alia*, that

Wilson had failed to exhaust his administrative remedies. We assume the parties' familiarity with the facts, procedural history, and issues on appeal.

As an initial matter, Wilson does not address exhaustion in his appellate brief, and therefore has abandoned any challenge to the district court's determination that he failed to exhaust his administrative remedies. *See LoSacco v. City of Middletown*, 71 F.3d 88, 92-93 (2d Cir. 1995). In any event, we conclude that the district court properly determined as a matter of law that Wilson failed to exhaust his administrative remedies.

We review *de novo* a district court's grant of summary judgment. *Garcia v. Hartford Police Dep't*, 706 F.3d 120, 126 (2d Cir. 2013) (per curiam). Summary judgment must be granted if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

Under the Prison Litigation Reform Act of 1995 (the "PLRA"), "[n]o action shall be brought with respect to prison conditions under [§ 1983] . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The PLRA requires "proper exhaustion," meaning exhaustion in "compliance with an agency's deadlines and other critical procedural rules." *Woodford v. Ngo*, 548 U.S. 81, 90 (2006). Nevertheless, the administrative remedies must be "available." *Ross v. Blake*, 136 S. Ct.

1850, 1858 (2016). An administrative procedure is unavailable when (1) "it operates as a simple dead end -- with officers unable or consistently unwilling to provide any relief to aggrieved inmates"; (2) it is "so opaque that it becomes, practically speaking, incapable of use"; or (3) "prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Williams v. Priatno*, No. 14-4777, 2016 WL 3729383, at *4 (2d Cir. July 12, 2016) (quoting *Ross*, 136 S. Ct. at 1859-60).

The Connecticut Department of Correction ("DOC") requires inmates to submit grievances in accordance with Administrative Directive 9.6 ("AD 9.6"). Defendant's Cross-Motion for Summary Judgment, Ex. A, *Wilson v. McKenna*, No. 12-cv-1581, (S.D.N.Y. May 5, 2015), ECF No. 29. According to that directive, the aggrieved inmate must seek informal resolution prior to filing a grievance. AD 9.6 § 6.A. If attempts to resolve the issue verbally fail, then the inmate must submit an Inmate Request Form clearly stating the problem and requesting a remedy. *Id.* If no response from DOC is received within fifteen business days of receipt of the Inmate Request Form or if the remedy offered through informal resolution is unsatisfactory, the inmate may file a Level 1 grievance within thirty days of the incident giving rise to the grievance. *Id.* § 6.A, 6.C. To do so, he must submit an Inmate Administrative

Remedy Form that covers requests for relief for both "Grievance[s]" and "Health Service Review[s]." Def. Cross-Mot. Summ. J., Ex. A at 16.

When submitting a Level 1 grievance, the inmate must attach the previously-filed Inmate Request Form to the Inmate Administrative Remedy Form or explain why it is not attached. AD 9.6 § 6.C When an inmate files a grievance that fails to comply with these procedural requirements, DOC may either (1) return the grievance without disposition, at which point inmates are permitted to correct the error and refile the grievance, *id.* § 6.E, or (2) reject the grievance outright without giving the inmate an opportunity to refile, *id.* § 6.F. DOC is to provide a written response to the Level 1 grievance within thirty business days of receipt of the grievance. *Id.* § 6.I. An inmate may appeal a Level 1 disposition to Level 2 within five calendar days of his receipt of the decision. *Id.* § 6.K.

As the district court concluded, the record shows that Wilson failed to properly exhaust the administrative remedies available to him before filing suit in federal court. Wilson alleges he was injured and denied necessary medical care by McKenna on September 16, 2012. Wilson filed an Inmate Administrative Remedy Form on September 20, 2012. On this form, Wilson checked a box indicating that he was "filing a Grievance." Def. Cross-Mot. Summ. J., Ex. I at 1. He did not check the box for "requesting a Health Services Review," but did check boxes for

"Diagnosis/Treatment" and "All Other Health Care Issues" in the Health Services

Review section of the form. *Id.* Further, Wilson requested only medical care in the

narrative portion of the form -- no mention was made of McKenna, or any other guard

for that matter. The form was treated as a request for Health Services Review and

denied on October 16, 2016, because, by then, Wilson had been examined by medical

staff on multiple occasions.

Wilson also submitted an Inmate Request Form on October 9, 2012, in

which he mentioned the alleged incident with McKenna, but complained only about his

lack of medical treatment. It was not until October 17, 2012, thirty-one days after he

allegedly sustained an injury, that Wilson filed an Inmate Request Form detailing his

complaint against McKenna. Although he also filed an Inmate Grievance Appeal

Form -- Levels 2/3 on October 17, 2012, Wilson never filed a Level 1 grievance against

McKenna.[1] Hence, Wilson failed to comply with the Administrative Directive: He

did not submit a timely Level 1 grievance and his "appeals" were premature.

Therefore, he did not demonstrate "proper exhaustion" and the district court properly

entered summary judgment in favor of McKenna. *See Ross*, 136 S. Ct. at 1857

---

[1] We note that the record below indicates that DOC never received the forms Wilson purportedly filed on October 9, 2012, and October 17, 2012, a fact that he does not dispute. Nevertheless, we assume for the purposes of this appeal that the forms were indeed submitted.

("[M]andatory exhaustion statutes like the PLRA establish mandatory exhaustion regimes, foreclosing judicial discretion.").

Because Wilson did not raise the issue below or on appeal, we do not consider whether the grievance process was "unavailable" to him, either because his September 20, 2012 Inmate Administrative Remedy Form was treated as a request for Health Services Review rather than a Grievance, or for any other reason. *See Ross*, 136 S. Ct. at 1859-60; *Guzman v. Local 32B-32J, Serv. Emps. Int'l Union*, 151 F.3d 86, 93 (2d Cir. 1998).

We have considered Wilson's remaining arguments and conclude they are without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

-7-